UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SWARTHOUT | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-159 |
| | § | |
| WOOD GROUP USA, Inc. and | § | |
| ARENA OFFSHORE, L.P., | § | |
| | § | |
| | § | |
| Defendants. | | |

**<u>COURT'S INSTRUCTIONS TO THE JURY</u>**

The following instructions were presented to the jury on the 20th day of August, 2015.

## MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case. It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in this case. You, the jury, are the judges of the facts.

## Court's and Jurors' Duties

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have an opinion about this case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jury and to arrive at the verdict by applying the same rules of law as given in the instructions of the Court.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the evidence. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

## Burdens of Proof

In this case, Plaintiff must prove his claims by a preponderance of the evidence. This means that you must consider each element separately, and must determine as to each element whether or not Plaintiff has shown from the admissible evidence (both direct and circumstantial) that his contention on that element is "more likely true than not true."

You must also decide whether Plaintiff was at fault and whether any fault on his part proximately caused the occurrence in question. The defendant has the burden of proving every element of Plaintiff's fault, if any, by the same preponderance of the evidence standard.

In deciding whether any fact has been proven by a preponderance of the evidence, you should, unless otherwise instructed by the Court, consider the

testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and give such evidence the weight you believe it deserves.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers to every question and your verdict must be unanimous.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

## Consideration of Evidence

**General:** In determining whether a party has met the burden of proof on any fact in issue, you may, unless otherwise instructed, consider the sworn testimony of all witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted or agreed to. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

**Objections and Stricken Testimony:** At times during the trial, I sustained objections to questions asked without permitting the witness to answer. You may

not draw any inference from a question that was not answered because I sustained an objection. The law requires that your decision be made solely upon the competent evidence I received in this case. Items, if any, that I have stricken from your consideration were excluded because they are not legally admissible.

I remind you that statements and arguments of counsel are not evidence in the case, nor are they instructions on the law.

**Types of Evidence:** There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence. In determining whether a party has met his burden of proof, you must consider all the credible evidence, both direct and circumstantial. While you are to consider only the evidence in the case, you are permitted to draw such reasonable inferences as seem justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from facts which have been established by the testimony and evidence in the case.

**Credibility of Witnesses and Weight of Evidence:** Now, I have said that you must consider all of the evidence. This does not mean, however, that you must

accept all of the evidence as true or accurate. As the sole judges of the facts, you must determine the credibility, or "believability," of each witness, and what portion of his or her testimony you accept and what weight you attach to it.

You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter of evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor, and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact or whether there was evidence that at some

other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers to every question and your verdict must be unanimous.

**Deposition Testimony:** During the course of trial, certain testimony was presented to you through deposition. A deposition is the sworn, recorded answers

to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

**Charts and Summaries:** A summary has been received into evidence to summarize the contents of voluminous records. You should give the summary such weight as you think it deserves.

## Jurors' Notes

If you have elected to take notes during this trial, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, you must form and express your own opinion as to the facts of the case.

## SPECIFIC INSTRUCTIONS

David Swarthout filed this suit against Arena Offshore and Wood Group claiming that each had the "custody of a thing" that caused him an injury, namely the gap in the grate on the Eugene Island 100 platform. Your job is to decide whether each of Mr. Swarthout's claims has merit, and you must consider the claims against Arena Offshore and Wood Group separately. If you decide that one or both of the defendants are liable under the law, you will need to decide what amount of money damages, if any, are to be awarded to Mr. Swarthout as compensation.

To establish the fault of either defendant, the plaintiff must prove each of the following by a preponderance of the evidence:

a. the thing in question was in the custody of the defendant;

b. the thing in question was defective, meaning it posed an unreasonable risk of harm;

c. the defendant knew or, in the exercise of reasonable care, should have known of this defect;

d. the damage could have been prevented by the exercise of reasonable care, and the defendant failed to exercise such reasonable care; and

e. Mr. Swarthout was injured as a result of this defect.

"Custody" means either that the defendant was the owner of it, or was in a position to exercise supervision or control over it and to draw benefit from it.

The mere fact that a thing in the defendant's custody caused the plaintiff's damages does not make the defendant liable. Plaintiff must prove that the thing was defective, that is, that the condition which caused plaintiff's damages presented an unreasonable risk of harm. In determining whether the condition presented an unreasonable risk of harm, you may consider the purpose which the thing served, its utility and effectiveness for that purpose, the likelihood that the thing would cause harm, the severity of the harm that it was likely to cause, and the social utility of defendant's ownership and maintenance of the thing in the condition in which it was when the damage occurred. In assessing the likelihood of harm, you may consider whether plaintiff is or should be familiar with the risk of harm inherent in the thing, even prior to his injury.

You should also consider whether the gap was open and obvious to anyone who might encounter it. A defendant generally is not at fault for failing to protect against an open and obvious condition. In order for a condition to be considered open and obvious, the condition should be one that is open and obvious to everyone who may potentially encounter it. In determining whether a condition is open and obvious, you should focus on the knowledge of everyone who encounters the defective thing or dangerous condition, not Mr. Swarthout's actual or potentially ascertainable knowledge of the condition.

The duty owed from one independent contractor like Wood Group to another independent contractor's employee like Mr. Swarthout is the duty to refrain from creating an unreasonable risk of harm or a hazardous condition.

When I say "injured as a result of the defect," I mean that the plaintiff must prove a causal relationship between the injury sustained and the defect. The test for determining the causal relationship between the defect and injury is whether the plaintiff proved that it is more probable than not that the injury was caused by the alleged defect.

One of the defenses available to Arena Offshore and Wood Group is that the plaintiff was himself at fault and thereby helped cause his own injury. To find fault on the part of the plaintiff, the defendant has to prove by a preponderance of the evidence that the plaintiff's conduct was below the standard of behavior we would normally expect of a reasonably prudent person and that his conduct helped to cause his injury.

If the defendant does prove that, then you should allocate responsibility in this matter between the plaintiff and the defendant by comparing the causal effect of plaintiff's conduct with the causal effect of defendant's activity or thing for which he is responsible. The percentages of responsibility should be determined on the basis of the extent to which each of them contributed to the damages which plaintiff suffered.

## QUESTION ONE

Do you find the following parties at fault for David Swarthout's injury? Answer YES or NO for each party.

| | |
|---|---|
| *Arena Offshore* | No |
| *Wood Group* | No |
| *David Swarthout* | Yes |

Move on to the next sections if you answered YES for either Arena Offshore or Wood Group. If you answered NO to both Arena Offshore and Wood Group, do not move on or answer any remaining questions.

## QUESTION TWO

For any party that you answered "YES" to in Question One, what percentages of fault, if any, do you find apply to each party whose fault contributed to Plaintiff's injuries? The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to a person or product is not necessarily measured by the number of acts or omissions. Include a percentage only for a party for whom you answered "YES" in Question One.

| | |
|---|---|
| *Arena Offshore* | ________________% |
| *Wood Group* | ________________% |
| *David Swarthout* | ________________% |
| TOTAL | 100% |

Move on to the next section.

## DAMAGES

Again, answer the Questions that follow only if you answered "YES" to Arena Offshore or Wood Group in Question One. Otherwise do not answer these questions.

The fact that I am instructing you on the proper measure of damages should not be considered as an indication of any opinion I may have as to whether Plaintiff is entitled to recover damages in this case. Instructions are given as to the measure of damages only for your guidance in the event you should find in favor of Plaintiff on the question of liability, by a preponderance of the evidence, and in accordance with the other instructions.

Do not reduce the amounts, if any, of damages because of the fault, if any, of David Swarthout. To the extent you found that Mr. Swarthout's fault contributed to his injury, the court will take care of that later.

You must now determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that he has suffered. Compensatory damages are not limited to monetary expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, you may consider whether he has proven the various categories of damages described below.

The damages that you award, if any, must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award damages for aggravation of an existing disease or physical defect resulting from physical injury to the plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.

You should consider the following elements of damages to the extent you find them by a preponderance of evidence. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.

"Medical expenses" are the reasonable expenses of any hospitalization and medical care and treatment that the plaintiff has incurred in the past and is reasonably certain to incur in the future because of the occurrence in question.

The plaintiff may also recover for past loss of earnings and future loss of earning capacity. An amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

You may also award damages for any bodily injury that David Swarthout sustained and any pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for enjoyment of life that David Swarthout experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering has been or need be introduced. You are not trying to determine value, but an

amount that will fairly compensate David Swarthout for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

## QUESTION THREE: DAMAGES

Answer separately, in dollars and cents, for damages, if any:

a. Past loss of earnings sustained.

Answer: ____________

b. Future loss of earning capacity.

Answer: ____________

c. Past medical expenses.

Answer: ____________

d. Future medical expenses.

Answer: ____________

e. Past and future physical pain and suffering.

Answer: ___________

f. Past and future disfigurement.

Answer: __________

g. Past and future mental anguish.

Answer: ____________

h. Past and future loss of enjoyment of life.

Answer: ____________

## CONCLUDING INSTRUCTIONS

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

If you want to communicate with me at any time, please give a written message or question to the courtroom deputy, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always disclose to the attorneys your question and my response before I answer your question.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

After you have reached your unanimous verdict, your Foreperson is to fill in your answers to the questions on the verdict form. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

## CERTIFICATE

We, the jury, have answered the above questions and return same into the Court as our verdict.

______________________________
(Foreperson of the Jury)

Signed this 21st day of August, 2015.